UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KATHLEEN GILLARD,**

        **Plaintiff,**

-vs-                                                   Case No. 6:07-cv-870-Orl-19KRS

**KARL MAYNE,**

        **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Defendant Karl Mayne's Dispositive Motion for Summary Judgment and Supporting Memorandum of Law (Doc. No. 21, filed Aug. 7, 2007);

2. Defendant Karl Mayne's Notice of Filing Defendant's First Request for Admissions to Plaintiff and Plaintiff's Response to Defendant's First Request for Admissions (Doc. No. 22, filed Aug. 8, 2007); and

3. Plaintiff Gillard's Response to Defendant's Motion for Summary Judgment (Doc. No. 26, filed Sept. 7, 2007).

## Background

Plaintiff Kathleen Gillard sues Defendant Karl Mayne for personal injuries resulting from an automobile collision on April 11, 2005. (Doc. No. 26-2, p. 8 ¶¶ 1-2). The case was initially filed in the State of Florida Circuit Court but was removed to this Court by Defendant. (Doc. Nos. 1-2). Before filing her claim in Circuit Court, Plaintiff previously filed a lawsuit in the State of Florida County Court seeking property damages from Defendant with respect to the same automobile

accident.[1]  (Doc. No. 26-2, pp. 8-9 ¶¶ 1, 5).  The First Case was settled for $5,000 pursuant to Defendant's Proposal for Settlement and was dismissed with prejudice. (*Id.* at p. 9 ¶ 5, p. 34). Plaintiff was represented by the same counsel in both cases.  (Doc. No. 26-2, p. 9 ¶ 4).  Defendant now moves for summary judgment in the instant case alleging that Plaintiff's cause of action for personal injuries is barred by the doctrine of *res judicata*.  (Doc. No. 21).   Plaintiff opposes Defendant's Motion and contends that she would not have entered the settlement with Defendant if she had known that it would extinguish her personal injury claim.  (*E.g.,* Doc. No. 26, p. 18). Plaintiff asserts a series of equitable arguments as to why *res judicata* should not apply.  (*See* Doc. No. 26).

The relevant facts with respect to the First Case are summarized as follows.  Plaintiff was injured in a car accident with Defendant that occurred on April 11, 2005.  (Doc. No. 26-2, p. 8 ¶ 2). The correspondence between the parties prior to the time the First Case was filed indicated that Plaintiff intended to pursue damages for both her personal injuries and property. (*E.g.,* Doc. No. 26-2, pp. 15, 18).  The First Case was filed on August 29, 2005.  (Doc. No. 22-2, ¶ 1; Doc. No. 22-3, ¶ 1).  Prior to the filing of the First Case, Defendant offered to settle Plaintiff's property damage claim for  $3,061.88. (Doc. No. 26-2, p. 9, ¶ 3).  Two days after the First Case was filed, on August 31, 2005, Defendant offered Plaintiff $3,700 to settle her property damage claim.  (*Id.* at p. 24). Defendant asked her to sign a "PD Only Release" and "file a dismissal with the Court." (*Id.*)  This offer was rejected because on September 28, 2007, Defendant filed a Proposed Settlement which offered Plaintiff $5,000 to settle the case and dismiss all claims against him with prejudice. (*Id.* at

---

[1]  The Court will refer to Plaintiff's lawsuit in State County Court as "First Case" for the purposes of this Order.

pp. 29-30). Plaintiff accepted the Proposal for Settlement on October 19, 2005, and agreed to execute a dismissal with prejudice. (*Id.* at p. 31). The First Case was dismissed with prejudice on December 6, 2005. (*Id.* at p. 34).

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is only appropriate when the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. The moving party has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied this burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.*

## Analysis

The doctrine of *res judicata* bars a party from relitigating a claim if the claim was previously litigated and decided in a different court. *See Casines v. Murchek,* 766 F.2d 1494, 1498-99 (11th

Cir. 1985). In a diversity action, the Court must apply state law to determine the *res judicata* effect of a previous state court judgment. *Id.* at 1498.

Under the doctrine of *res judicata,* "a judgment on the merits of a controversy is conclusive as to the parties and their privies and will bar a subsequent action between the same parties on the same cause of action." *Youngblood v. Taylor,* 89 So.2d 503, 505 (Fla. 1956). In order to apply *res judicata* there must be: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions, and (4) identity of the quality or capacity of the person for or against whom the claim is made. *ICC Chem. v. Freeman*, 640 So. 2d 92, 93 (Fla. 3d DCA 1994). The doctrine applies to all final judgments irrespective of whether the judgment resulted from a trial or settlement. *E.g., Gallagher v. Dupont,* 918 So. 2d 342, 347 (Fla. 5th DCA 2005) ("A consent judgment is a judicially approved contract, rather than a judgment entered after litigation, but it is a judgment nonetheless and entitled to the same preclusive, *res judicata* effect as any other judgment issued by a Florida court.").

All of the elements of *res judicata* are clearly satisfied here because both cases involve a claim by Plaintiff Kathleen Gillard, acting in an individual capacity, against Defendant Karl Mayne, in his individual capacity, for damages resulting from a car accident between the parties on April 11, 2005. (*Compare* Doc. No. 2 *with* Doc. No. 26-2, pp. 25-26).[2] In fact, Plaintiff does not contest the applicability of *res judicata* in her Response to Defendant's Motion for Summary Judgment. (*See* Doc. No. 26). Rather, Plaintiff argues that the Court should refuse to apply *res judicata* for the

---

[2] Defendant is referred to as Karl Matne throughout the complaint from the First Case. (Doc. No. 26-2, pp. 25-26). However, all other filings from the First Case refer to Defendant as Karl Mayne. (Doc. No. 26-2, pp. 28-34). Additionally, Plaintiff admits that Karl Mayne was the Defendant in the First Case. (Doc. No. 22-2, ¶ 1, Doc. No. 22-3, ¶ 1).

following reasons: (1) applying *res judicata* would defeat the ends of justice; (2) Defendant's *res judicata* argument is based on an improper use of Florida's proposal for settlement rule; (3) applying *res judicata* would violate Florida law by rewarding Defendant for employing "gotcha" litigation tactics in the First Case; and (4) Defendant consented to Plaintiff's decision to split her cause of action. (*Id.*)

**I.       Plaintiff's Argument that Applying *Res Judicata* Defeats the Ends of Justice.**

*Res judicata* does not apply when its application would defeat the ends of justice. *deCancino v. E. Airlines, Inc.*, 283 So. 2d 97, 98 (Fla. 1973). This manifest injustice exception has been invoked in a variety of circumstances. *See, e.g., Tucker v. John Galt Ins. Agency Corp.*, 743 So. 2d 108, 110 (Fla 4th DCA 1999) (claim had not accrued at time of first action); *Artigas v. Winn Dixie Stores, Inc.*, 622 So. 2d 1346, 1348 (Fla. 1st DCA 1993) ("application of the doctrine to an incompetent as a result of a prior proceeding which occurred during his incompetency may result in injustice."); *Gladstone v. Kling*, 182 So. 2d 471, 474 (Fla. 1st DCA 1966) (court refused to consider a defense).

Although the application of *res judicata* might create an unfair result in this case, Plaintiff's argument is not well taken. Plaintiff argues that she intentionally limited the First Case to her property damage claim. (Doc. No. 26, p. 11). Plaintiff claims that she was forced to accept Defendant's proposal for settlement because "it was for the full amount she sought, and the failure to accept it might expose her to attorneys' fees." (*Id.*) Plaintiff contends that she had no knowledge

that the settlement could potentially extinguish her personal injury claim and that she would have acted differently if she knew that the settlement could foreclose this action.[3] (*Id.* at p. 11, 18-19).

The mere fact that Plaintiff intended to limit the First Case to property damage is not a sufficient basis for inferring injustice because under Florida law it is axiomatic that the doctrine of *res judicata* not only bars relitigation of all claims actually brought but also all claims that potentially could have been brought. *Youngblood v. Taylor,* 89 So.2d 503, 505 (Fla. 1956). Moreover, it is well established that under Florida law "all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all." *Gaynon v. Statum,* 10 So. 2d 432, 433 (Fla. 1942) *superceded by statute on other grounds as stated in Goldman v. Kent Cleaners & Laundry, Inc.*, 110 So. 2d 50, 51 (Fla. 3d DCA 1959). Such principle applies to claims for personal injuries and property damage which arise out of a single tort and requires that a plaintiff bring both claims in a single lawsuit.[4] *Gaynon*, 10 So. 2d at 433-34; *Mims*

---

[3] The First Case, which alleged damages less than $15,000, was filed in State County Court and only contains specific factual averments of property damage. (Doc. No. 26-2, pp. 25-26). The complaint in the instant case, which alleges damages in excess of $15,000, was filed in State Circuit Court and only contains allegations of personal injury damages. (Doc. No. 2). However, in the months leading up to the First Case, Plaintiff repeatedly stated that she was pursuing both a personal injury and property damage claim against Defendant. (Doc. No. 26-2, pp. 12, 15, 18). The settlement offers prior to and commensurate with the filing of the First Case dealt solely with property damage. (Doc. No. 26-2, pp. 22-24). However, the limited scope of previous settlement offers does not provided a basis to infer that the final settlement offer, which differed in amount and terms, was similarly limited in scope. (*Compare id.* at pp. 22-24 *with id.* at pp. 29-30).

[4] The Florida Supreme Court has applied the manifest injustice exception to *res judicata* and created an insurance exception that allows an insured and his insurance carrier to maintain separate causes of action for personal injury and property damage when the insurance carrier becomes a subrogee to the insured's property damage claim. *Rosenthal v. Scott*, 150 So. 2d 433, 439 (Fla. 1963). However, in creating the insurance exception, the Supreme Court of Florida specifically reaffirmed its adherance to the general rule that claims for property damage and personal injuries should be brought in one lawsuit. *Id.* ("We adhere, as aforestated, to the one cause of action principle; however, considering the over-all effect of requiring either the insurance companies,
(continued...)

*v. Reid,* 98 So. 2d 498, 500-01 (Fla. 1957) (personal injury and property damage claims from same automobile accident should be brought in one lawsuit and consent judgment from personal injury action barred separate property damage claim); *McKibben v. Zamora,* 358 So. 2d 866, 868 (Fla. 3d DCA 1978) (personal injury and property damage claim arising from same automobile accident must be brought in the same lawsuit).

Irrespective of the legal deficiency of Plaintiff's argument, the Court must note that Plaintiff has introduced no admissible evidence of injustice. Plaintiff was represented by the same counsel in both cases and offers no explanation as to why she failed to assert her personal injury claim in the same cause of action.[5] Moreover, Plaintiff fails to offer any evidence as to why she failed to make

---

[4](...continued)
whose business reputation largely depends upon their ability to quickly pay their claims, to wait until it is feasible for an injured person to go to trial, or to require an injured person to bring a suit before time tells the extent of his injuries is impracticable and would work undue hardship on the aggrieved parties not commensurate with the justice and reason for the rule against splitting a cause of action."). The insurance exception addressed in *Rosenthal* is inapplicable to the facts of this case because Plaintiff filed both suits on her own behalf and neither her personal injury nor property damages are the subject of insurance. *See* (Doc. No. 2; Doc. No. 26-2, pp. 29-30); *Unger v. Bergness,* 172 So. 2d 627, 628 (Fla. 3d DCA 1965) ("We interpret the holding in the *Rosenthal* case, supra, as recognizing an exception to the rule against the splitting of a cause of action where one element of damage (usually property loss) is the subject of insurance.")

[5] Plaintiff alleges that Defendant "was aware that [she] was undergoing treatment for injuries sustained during the April 11, 2005 collision" and cites case law stating that the extent of one's personal injuries are not always clear immediately after an accident. (Doc. No. 26, p. 11; Doc. No. 26-2, p. 9 ¶ 6). However, Plaintiff offers no evidence to indicate that she was unaware of the scope of her personal injuries in the months immediately following the accident.

an explicit reservation of her personal injury claim.[6]  Finally, Plaintiff offers no evidence to show the extent of her personal injuries or indicate that she received less than full compensation.[7]

When a party moves for summary judgment, the Court must draw all inferences in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, when the party seeking summary judgment sets forth evidence showing there is no genuine issue of material fact, the nonmoving party must introduce some evidence showing the existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(e).  Plaintiff has not introduced any evidence to indicate that *res judicata* should not apply.

**II.     Plaintiff's Argument that Applying *Res Judicata* is Based on an Improper Use of Florida's Settlement Rule.**

Plaintiff argues that Defendant's offer for settlement was ambiguously drafted and did not indicate that it covered both her personal injury and property claims.  (Doc. No. 26, pp. 12-15). Plaintiff cites Florida Rule of Civil Procedure 1.442(c)(2) which requires that a proposal for settlement identify the claims included and state all relevant conditions and nonmonetary terms of the settlement with particularity.  Plaintiff's argument does not refer to any specific ambiguity in

---

[6]  Plaintiff accepted Defendant's proposed settlement and offered to effectuate a dismissal with prejudice in exchange for payment of $5,000. (Doc. No. 26-2, p. 31). In confirming her acceptance of the proposed settlement, Plaintiff stated that the $5,000 was for "the property damage claim." (*Id.*) However, neither Defendant's proposed settlement nor the joint stipulation of dismissal nor the final judgment contain any indication that the settlement or dismissal with prejudice was limited to the property damage claim. (*Id.* at pp. 29-30, 33, 34).

[7]  Plaintiff argues that she sought $100,000 in damages for her injuries and attaches Defendant's response to her demand for personal injury damages. (Doc. No. 26, p. 6 (citing Doc. No. 26-2, pp. 35-36)). However, the letter cited does not state the amount of Plaintiff's alleged damages. (Doc. No. 26-2, pp. 35-36). Rather the letter states that it is Defendant's position her claim for personal injury damages is barred by *res judicata*. (*Id.*) Although Defendant's Notice of Removal includes a copy of Plaintiff's demand letter seeking $100,000, the letter does not include any evidence of Plaintiff's injuries. (Doc. No. 1-3).

Defendant's proposal. (Doc. No. 26-2, pp. 12-15). Even so, the plain language of Defendant's settlement proposal is not ambiguous. Defendant's proposal provides in pertinent part that:

> 1. The Defendant, KARL G. MAYNE, offers to pay the Plaintiff, KATHLEEN GILLARD, the sum of Five Thousand and no/100 dollars ($5,000.00) in full and final settlement of all claims against KARL G. MAYNE, arising out of this lawsuit.
>
> . . .
>
> 4. This Proposal is contingent upon the dismissal, **with prejudice**, of the Plaintiff's pending civil litigation against the Defendant, KARL G. MAYNE[.]
>
> 5. This Proposal is made in good faith in settlement of all of the Plaintiff's claims against Defendant in this lawsuit.

(Doc. No. 26-2, pp. 29-30 (emphasis in original)). Unlike Defendant's previous offers of settlement, the Proposed Settlement was not limited to property damage, sought a dismissal with prejudice, and covered all damage arising out of the lawsuit. (*Compare id.* at pp. 29-30 *with id.* at p. 24). It is well settled under Florida law that claims for personal injury and property damage arising out of the same tort constitute one cause of action and must be brought in the same lawsuit. *E.g., Gaynon v. Statum,* 10 So. 2d 432, 433 (Fla. 1942). Therefore, there is no basis to infer any ambiguity as to what is covered by Defendant's Proposal for Settlement.

### III. Plaintiff's Argument that Application of *Res Judicata* Violates Florida Law by Rewarding Defendant's Improper "Gotcha" Litigation Tactics.

Plaintiff alleges that *res judicata* should not be applied because Florida law prohibits rewarding "gotcha" tactics in litigation. (Doc. No. 26, pp. 16-19). The "gotcha" doctrine to which Plaintiff refers is a form of estoppel that prevents a party from taking inconsistent positions in related litigation. *See Salcedo v. Asociacion Cuban, Inc.*, 368 So. 2d 1337, 1338-39 (Fla. 3d DCA 1979).

The doctrine of equitable estoppel is based on the principles of fairness and is invoked when one party "lulls another party into a disadvantageous legal position." *Fla. Dept. of Health & Rehabilitative Servs. v. S.A.P.*, 835 So. 2d 1091, 1096 (Fla. 2002). The doctrine serves "as a shield, not a sword, and operates against the wrongdoer, not the victim" *Id.* at 1097.

Plaintiff's argument for equitable estoppel is not well taken because there is no evidence of misconduct on the part of Defendant. Before filing the First Case, Plaintiff attempted to resolve her property damage claim against Defendant. (*See* Doc. No. 26-2, pp. 11-22). When the property damage claim could not be resolved outside of court, Plaintiff, who was represented by counsel, filed the First Case. (*Id.* at pp. 25-26). Plaintiff's counsel drafted her complaint and chose to attempt to confine the case to property damages. Cursory legal research would have disclosed that Florida law prohibits splitting a cause of action for property damages from one for personal injuries when they arise out of the same tort. The fact that Defendant offered to settle Plaintiff's property damage claim on each of the two days after the date Plaintiff filed the First Case, does not indicate any wrongdoing. (*See id.* at pp. 23, 24). Defendant's first letter, which was written the day after Plaintiff filed the First Case, does not indicate that Defendant was even aware of the First Case at that time. (*Id.* at p. 23). Although the second letter, which was written two days after the First Case was filed, referenced the First Case and offered to settle the property damage claim for $3,700, it merely sought a release of Plaintiff's property damage claim and a dismissal. (*Id.* at p. 24). Plaintiff obviously rejected Defendant's offer because litigation proceeded until the time that Defendant filed his Proposal for Settlement. (*See id.* at pp. 28-30). There is no evidence of wrongdoing in the fact that Defendant offered to settle a portion of the case and but later changed his position after his settlement offer was rejected. The fact that Defendant took advantage of Plaintiff's mistake in failing to recognize the

issue of *res judicata* does not provide a basis to infer wrongdoing. It was not the responsibility of Defendant or his counsel to advise Plaintiff or her counsel of the potential for his proposed settlement to have *res judicata* effect. Had Plaintiff's counsel more thoroughly considered the language of the Proposal for Settlement, he would have realized that a subsequent personal injury action might be barred by *res judicata* and acted accordingly. As noted by Plaintiff in her Response to Defendant's Motion for Summary Judgment, Plaintiff could have prevented the application of *res judicata* by "dismiss[ing] her claim for property damages, or [seeking] a settlement outside litigation, or simply not [accepting] the offer." (*Id.* at p. 18-19). As there is no evidence of wrongdoing on the part of Defendant, there is no reason for this Court to refuse to apply *res judicata*.

## IV.     Plaintiff's Argument that Defendant Waived his Objection to Plaintiff Splitting her Cause of Action.

Plaintiff's final argument, which is not separately briefed or otherwise identified in her Response, is that Defendant waived his right to object to Plaintiff's decision to split her cause of action because he "knew of Gillard's personal injury claim when the property claim was pending, and knew that she intended to pursue it." (Doc. No. 26, p. 19). Plaintiff contends that by entering into the property claim settlement, "Defendant impliedly consented to the Plaintiff pursuing her injury claims separately." (*Id.*) Although a defendant may consent to a plaintiff splitting her cause of action, the proposed settlement does not provide a basis for finding such consent because such settlement was not limited to Plaintiff's property damage. *See Mims v. Reid,* 98 So. 2d 498, 500-01 (Fla. 1958) (plaintiff cannot split a cause of action without the consent of defendant), *Infra Analysis - Part I, Footnote 3* (finding that there is no basis to conclude that the settlement was limited to property damages).

Based on the foregoing, Plaintiff's claim is barred by the doctrine of *res judicata*.

## Conclusion

The Court **GRANTS** Defendant's Motion for Summary Judgment (Doc. No. 21), and the Clerk of Court shall enter **JUDGMENT FOR DEFENDANT** and close the file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October 24, 2007.

*/s/ Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record